UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　　　　Defendant. | Case No. 1:20-cv-00492-NONE-EPG<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS BARRED BY RES JUDICATA<br><br>(ECF NO. 1)<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff, Paul Nivard Beaton, is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. On April 7, 2020, Plaintiff filed the complaint commencing this action. (ECF No. 1.) Plaintiff alleges that Defendant, Amazon.Com, Inc., violated Plaintiff's rights because it never paid Plaintiff royalties for his book, and failed to provide Plaintiff and other authors access to their money during incarceration. Plaintiff alleges that he first published his book, "Humanity was a Colony of Extraterrestrials How the Universe Begins," in March 2010, and that the sale of the book should result in $13.00 for Amazon and $7.00 for Plaintiff, but that Amazon has never paid Plaintiff anything. (ECF No. 1.)

The Court has reviewed *Beaton v. Amazon.Com, Inc.*, Case Number 2:19-cv-02394-KJM-AC (E.D. Cal.). Plaintiff asserted the same claims based on the same factual allegations in that case as he is raising in the present case. (*See* Case No. Number 2:19-cv-02394-KJM-AC, ECF No. 1.) On February 3, 2020, Case No. Number 2:19-cv-02394-KJM-AC was dismissed

1

without leave to amend for failure to state a claim upon which relief can be granted, and the case was closed. (Case No. Number 2:19-cv-02394-KJM-AC, ECF Nos. 13, 16, 17.)

It appears from this Court's review of the two cases that Plaintiff already filed an action raising the claims he is raising in the present case, and that action was dismissed with prejudice. Plaintiff is thus ordered to show cause why Plaintiff's complaint in the present case should not be dismissed as barred by the doctrine of *res judicata*. Plaintiff must file a response within thirty days. If Plaintiff fails to file a response, this Court will recommend to the assigned district judge that this case be dismissed.

## I.   SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the claims brought by the plaintiff to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim on which relief may be granted, it must be dismissed. *Id.* Similarly, if the Court determines the complaint is frivolous or malicious, it must be dismissed. *Id.* An action is deemed to be frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

The complaint in the present case alleges that Amazon violated Plaintiff's constitutional rights under the 13th, 14th, 15th, and 19th amendments when it failed to pay Plaintiff royalties for his book. The complaint alleges that Amazon failed to provide Plaintiff and other authors access to their money during incarceration; that Plaintiff's incarceration makes it impossible for him to contact Amazon; that Plaintiff had a publishing contract with Amazon and the lack of payment to himself and other incarcerated authors that self-publish is illegal and unconstitutional slavery and servitude; and that Plaintiff first published his book, "Humanity Was a Colony of Extraterrestrials: How the Universe Begins," in March 2010, and that the sale price of the book should result in $13.00 for Amazon and $9.00 for himself but Amazon has never paid Plaintiff.

## III. COMPLAINT IN CASE NO. 2:19-cv-02394-KJM-AC

Plaintiff's complaint in Case No. Number 2:19-cv-02394-KJM-AC is virtually identical to the complaint filed in the present action. It raises the same factual allegations, and same claims. Although the request for relief differs somewhat, for purposes of *res judicata*, the relevant portions of the complaint in the present case and the complaint in Case No. Number 2:19-cv-02394-KJM-AC are identical.

///

///

///

3

## IV. ANALYSIS

As explained by the U.S. Supreme Court,

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.

*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (alterations in original) (footnote omitted) (citations and internal quotation marks omitted).

"The elements necessary to establish [claim preclusion] are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[T]he doctrine of *res judicata* (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.'" *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)).

Here, it appears that Plaintiff is raising the exact same claims that he raised in Case No. Number 2:19-cv-02394-KJM-AC. Because it appears that Plaintiff already brought an action based on these claims, and that action was dismissed without leave to amend for failure to state a claim upon which relief can be granted, the Court will order Plaintiff to show cause why the present action should not be dismissed as barred by *res judicata*.

## V. CONCLUSION AND ORDER TO SHOW CAUSE

It appears that the claims in this case are barred by *res judicata* because the claims have already been asserted in Case No. Number 2:19-cv-02394-KJM-AC, which was dismissed without leave to amend for failure to state a claim upon which relief can be granted.

///

Accordingly, IT IS ORDERED THAT Plaintiff has thirty days from the date of this order to show cause why this case should not be dismissed as barred by *res judicata*.

If Plaintiff fails to file a response, this Court will recommend to the assigned district judge that Plaintiff's case be dismissed.

IT IS SO ORDERED.

Dated: **June 22, 2020**　　　　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE