# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, Inc.,<br><br>    Defendant. | Case No. 1:20-cv-00492-NONE-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED, WITH PREJUDICE, AS BARRED BY RES JUDICATA<br><br>ORDER DIRECTING THAT DISTRICT JUDGE BE ASSIGNED TO THE CASE<br><br>(ECF Nos. 1, 4, 5)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff, Paul Nivard Beaton, is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. On April 7, 2020, Plaintiff filed the complaint commencing this action. (ECF No. 1.) Plaintiff filed a previous case against the same defendant in which he raised the same claims relying on the same underlying facts that he is raising in the present case. *See Beaton v. Amazon.Com, Inc.*, Case No. 2:19-cv-02394-KJM-AC (E.D. Cal.). That previous case was dismissed with prejudice for failure to state a claim upon which relief may be granted. *See id.* (order and judgment entered 2/3/2020 dismissing case with prejudice). The Court recommends that the present action be dismissed with prejudice as barred by the doctrine of *res judicata*.

**I.  SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the claims brought by the plaintiff to determine

1

whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim on which relief may be granted, it must be dismissed. *Id.* Similarly, if the Court determines the complaint is frivolous or malicious, it must be dismissed. *Id.* An action is deemed to be frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF COMPLAINT IN PRESENT CASE

The complaint filed in the present case alleges that Defendant, Amazon.Com, Inc. ("Amazon"), violated Plaintiff's constitutional rights under the 13th, 14th, and 15th

amendments when it failed to pay him royalties for his book. Plaintiff alleges that Amazon failed to provide him and other authors access to their money during incarceration, and his incarceration makes it impossible for him to contact Amazon. Plaintiff raises a second claim for violations of the 13th, 14th, 15th, and 19th amendments, with the second claim also alleging that Amazon does not provide payment to authors when they are incarcerated. Plaintiff raises a third claim for violation of the 13th Amendment stating that he first published his book "Humanity Was a Colony of Extraterrestrials; How the Universe Begins" in March of 2010, and that the sale price of the book should have resulted in $13.00 for Amazon and $9.00 for himself but Amazon has never paid him. (ECF No. 1.)

**III.   PREVIOUS CASE**

In the previous case, *Beaton v. Amazon.Com, Inc.*, Case No. 2:19-cv-02394-KJM-AC (E.D. Cal.), Plaintiff filed a complaint that is virtually identical to the complaint filed in the present case, raising the same claims and same underlying factual allegations against the same defendant.

In the previous case, as here, Plaintiff sued Amazon for violations of 42 U.S.C. § 1983. Plaintiff alleged that Amazon violated his constitutional rights under the 13th, 14th, and 15th amendments when it failed to pay him royalties for his book. Plaintiff alleged that Amazon failed to provide him and other authors access to their money during incarceration, and his incarceration makes it impossible for him to contact Amazon. Plaintiff raised a second claim for violations of the 13th, 14th, 15th and 19th amendments, with the second claim also alleging that Amazon does not provide payment to authors when they are incarcerated. Plaintiff raised a third claim, did not indicate what that claim was based upon, and in that claim stated that he first published his book "Humanity Was a Colony of Extraterrestrials; How the Universe Begins" in March of 2010, and that the sale price of the book should have resulted in $13.00 for Amazon and $9.00 for himself. (*See* Case No. 2:19-cv-02394-KJM-AC, ECF No. 1.)

The previous case was dismissed with prejudice for failure to state a claim upon which relief can be granted, and judgment was entered, on February 3, 2020. (*See* Case No. 2:19-cv-02394-KJM-AC, ECF Nos. 13, 16, 17.) The previous decision states:

Section 1983 "creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1056 (9th Cir. 2002). "In order to allege a claim upon which relief may be granted under § 1983, a plaintiff must show that he or she has been deprived of a 'right secured by the Constitution and . . . law of the United States' and that the deprivation was 'under color' of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (quoting 42 U.S.C. § 1983)). "Action under color of state law normally consists of action taken by a public agency or officer." *Taylor v. First Wyo. Bank, N.A.*, 707 F.2d 388, 389 (9th Cir. 1983). There is no cause of action under § 1983 for claims against private companies where no government involvement is alleged. *See Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir.), cert. denied, 540 U.S. 948 (2003) (§ 1983 "shields citizens from unlawful government actions, but does not affect conduct by private entities."). Here, the only defendant is not a state actor and is not alleged to have acted under color of state law. A private entity's conduct constitutes action under color of state law only if it is "fairly attributable" to the state. *West v. Atkins*, 487 U.S. 42, 49-50 (1988). "[S]tate action may be found if, though only if, there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself." *Brentwood Academy v. Tenn. Secondary Sch. Athletic Assoc.*, 531 U.S. 288, 295 (2001). Plaintiff alleges only that Amazon, a private company, has not paid him owed royalties on his book because he is in prison. No facts stated in the complaint suggest that the conduct of the private defendant named here could even arguably be attributed to the state under the applicable standard. Because plaintiff brings only constitutional claims under §1983, plaintiff cannot state a claim upon which relief may be granted.

*Beaton v. Amazon.Com, Inc.*, Case No. 2:19-cv-02394-KJM-AC (E.D. Cal.), *Findings and Recommendations* (Dec. 31, 2019), *adopted by Order* (Feb. 3, 2020).

## IV.   ANALYSIS

The doctrine of *res judicata* has been explained by the U.S. Supreme Court as follows:

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.

*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (alterations in original) (footnote omitted) (citations and internal quotation marks omitted).

"The elements necessary to establish [claim preclusion] are: '(1) an identity of claims,

(2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[T]he doctrine of *res judicata* (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.'" *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)).

      In the present case, Plaintiff is raising precisely the same claims that he raised in the previous case, is raising them against the same defendant, and is raising them based on the same underlying factual allegations. The previous case was, as noted above, dismissed with prejudice for failure to state a claim upon which relief can be granted, judgment was entered, and the case was closed. (*See* Case No. 2:19-cv-02394-KJM-AC, ECF Nos. 13, 16, 17.) The dismissal of the previous action for failure to state a claim is a judgment on the merits for purposes of *res judicata*. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, (1981) (recognizing that dismissal with prejudice for failure to state a claim is a final judgment on the merits for *res judicata* purposes); *Classic Auto Refinishing, Inc. v. Marino,* 181 F.3d 1142, 1144 (9th Cir.1999) ("There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case."). Accordingly, the present action is barred under the doctrine of *res judicata*.

      In his response (ECF No. 5) to the Court's Order to Show Cause ("OSC"), directing Plaintiff to show cause why the present action should not be dismissed as barred by the doctrine of *res judicata* (ECF No. 4), Plaintiff contends that he should be allowed to proceed with the present action because dismissal would have the "effect of foreclosing any litigation of matters that never have been litigated." (ECF No. 5 at 1.) However, as already noted, the dismissal of the previous action for failure to state a claim and entry of judgment thereon is a judgment on the merits for purposes of *res judicata*. Nothing more is required.

      Plaintiff also contends that dismissing the present action based on *res judicata* will preclude not only him, "but for all in America, a preclusion of matters which affect the

con[s]titutional rights of not only myself but all other authors who's getting incarcerated." (ECF No. 5 at 1.) Plaintiff, as an individual proceeding *pro se*, cannot pursue the rights of anyone other than himself. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ( "A litigant appearing in propria persona has no authority to represent anyone other than himself."); *see also McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (privilege to appear without counsel is personal to the litigant). Thus, to the extent Plaintiff sought in the previous case, or is seeking in the present case, to represent anyone's interest other than his own, he does not have the authority to do so, and the dismissal of the previous case, as well as the dismissal of the present case, affects only his own rights and interests.

Plaintiff further contends in his response to the OSC that his previous case was improperly dismissed on the basis that the defendant, Amazon, was a private company and Plaintiff is a state prisoner. (ECF No. 5 at 4.) To the extent Plaintiff seeks to challenge dismissal of the previous case, he must do so by filing a direct appeal. He cannot challenge that dismissal by filing a second action bringing the same claims. Moreover, his challenge lacks merit. The previous case, as well as the present case, is brought under 42 U.S.C. § 1983. As the previous case recognizes, to state a valid claim under § 1983, Plaintiff must allege a deprivation of his constitutional rights by a state actor or someone acting under color of state law. Amazon is not a state actor and was not acting under color of state law when it allegedly took the actions about which Plaintiff complains. Accordingly, Plaintiff did not state a cognizable federal claim.

Finally, Plaintiff appears to contend in his response to the OSC that the previous case, and hence the present case, is raising a claim for breach of contract and a claim under the California Constitution. (*See* ECF No. 5 at 1-7.) However, a review of the complaint in the previous case and the complaint in the present case confirms that Plaintiff did not raise a claim for breach of contract or for violations of the California Constitution. Although Plaintiff references a publishing contract, he made it clear his claims were for violations of his rights under the U.S. Constitution. Furthermore, assuming he had raised these state law claims in his complaint in the previous case, and assuming that the claims were improperly dismissed with prejudice, his remedy for challenging that dismissal was, again, a direct appeal in the previous

case. He cannot seek to challenge the dismissal of the claims brought in the previous case by filing a second case.[1]

## V.     RECOMMENDATIONS AND ORDER

Based on the foregoing, the Court HEREBY ORDERS that the Clerk of the Court assign a district judge and RECOMMENDS that:

1.     Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. §1915(e)(2)(B)(ii), that this action be DISMISSED with Prejudice as barred by the doctrine of *res judicata*; and

2.     The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).
IT IS SO ORDERED.

Dated:   **August 6, 2020**                     /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Even if Plaintiff had brought related state law claims, which the Court finds he did not, it is unlikely that the Court would have exercised supplemental jurisdiction over those claims since all federal claims over which the Court had original jurisdiction had been dismissed. *See* 28 U.S.C. § 1367 (providing that in a civil action in which a district court has original jurisdiction, there is supplemental jurisdiction over claims that are part of the same case or controversy); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction." (internal quotation marks and citations omitted)); *see also Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."). To the extent Plaintiff seeks to bring state law claims, he must do so by filing an action in state court.